UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS BARTOLON-GOMEZ,<br><br>Defendant. | Case No.: 3:18-mj-20586-JLB-GPC<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND JUDGMENT** |

**I. INTRODUCTION**

Before the Court is Defendant Juan Carlos Bartolon-Gomez's appeal of the judgment entered against him by the Magistrate Judge. ECF No. 11. On August 2, 2018, the United States filed a Complaint against Bartolon for one count of 8 U.S.C. § 1325(a)(2), for knowingly eluding examination and inspection by immigration officers, a misdemeanor. Compl., ECF No. 1. Bartolon pleaded guilty to one count of 8 U.S.C. § 1325 before the Magistrate Judge, and the Magistrate Judge entered a Judgment against Bartolon on August 7, 2018. Judgment, ECF No. 7.

On August 15, 2018, Bartolon filed a notice of appeal to the district court. ECF No. 11. The appeal is timely, and the Court has jurisdiction over the appeal pursuant to

1

18 U.S.C. § 3402. Bartolon asserts that his guilty plea was involuntary. Federal Rule of Criminal Procedure 11(b)(2) provides that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

## II. DISCUSSION

A. <u>Standard of Review</u>

The voluntariness of a guilty plea, and the sufficiency of a Rule 11 plea colloquy are both reviewed de novo. *United States v. Aguilar-Vera*, 698 F.3d 1196, 1200 (9th Cir. 2012). In addition, "[t]he harmless error standard applies to errors preserved by objections raised during a plea proceeding." *Aguilar-Vera*, 698 F.3d at 1200 (citing Fed. R. Crim. P. 11(h)). Under this standard, if the government shows that the defendant would have pleaded guilty even without the Rule 11 error, the court must affirm. *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061 (9th Cir. 2011).

B. <u>Analysis</u>

On appeal, Bartolon asserts that the Magistrate Judge erred by failing to conduct a sufficient inquiry under Federal Rule of Criminal Procedure 11(b) prior to accepting his guilty plea. Def.'s Br., ECF No. 15 at 13. Specifically, Bartolon argues that the Magistrate Judge should have inquired about Bartolon's pre-plea conditions to determine whether the conditions affected his decision to plead guilty. *Id.* at 14-17.

Here, prior to accepting Defendant's guilty plea, the Magistrate Judge conducted a pre-plea colloquy in compliance with Rule 11(b). The Magistrate Judge informed Defendant of and individually asked him whether he understood the nature of the charges, the elements of the charges, the rights he was giving up, the applicable maximum possible penalties he was facing, and the possible immigration-related consequences of his conviction. Hr'g Tr., ECF No. 10 at 36-37, 39, 41-43. The Magistrate Judge further questioned Defendant regarding whether there was anything such as medication or something else in his background that would prevent him from

understanding or participating in the hearing. *Id.* at 27-29. The Magistrate Judge confirmed the factual basis for the plea. *Id.* at 47-49. The Magistrate Judge also confirmed that defense counsel communicated the Government's plea offer to Bartolon and that counsel discussed the advantages and disadvantages of pleading guilty with and without a plea agreement. *Id.* at 39-40. Upon determining that Defendant's guilty plea was made knowingly and voluntarily, the Magistrate Judge accepted the guilty plea. *Id.* at 54. As such, the Magistrate Judge's plea colloquy satisfied the requirements of Rule 11.

Defendant argues that the Magistrate Judge violated Rule 11(b) by failing to conduct a further inquiry into his pre-plea conditions. Def.'s Br. at 1, 10-15. Bartolon argues that the voluntariness inquiry was lacking given that there existed a "red flag" of Bartolon's pre-hearing conditions that required a further inquiry by the magistrate judge. As to the "red flag," in his appellate brief, Bartolon cites to various extra-record sources regarding the general conditions at Border Patrol stations. *Id.* at 5-8. However, the Court's review of whether a court's colloquy satisfies the requirements of Rule 11 "is limited to the record of the plea proceeding at issue." *United States v. Van Doren*, 182 F.3d 1077, 1080 (9th Cir. 1999).

In support of his contention that the Magistrate Judge should have inquired regarding his pre-plea conditions, Bartolon relies primarily on the Ninth Circuit's decision in *United States v. Carter*, 795 F.3d 947 (9th Cir. 2015). Def.'s Br. at 10-12. In *Carter*, the Ninth Circuit held that "if a district court learns that a defendant is under the influence of some medication, it has a duty to determine, at a minimum, what type of drug the defendant has taken and whether the drug is affecting the defendant's mental state." 795 F.3d at 954.

The record is devoid as to the pre-plea conditions that Bartolon himself experienced or any assertion that Bartolon's condition affected his decision to plea or his mental state. *See United States v. Genchi-Angel*, No. 18-MJ-20277-JMA-CAB, 2018 WL 4468843, at *1 (S.D. Cal. Sept. 18, 2018) (rejecting the defendant's challenge to his plea

proceedings where the defendant "made no factual showing at his initial appearance, or with his appeal, that he was personally subjected to any such coercive conditions or that his overnight experience with border patrol rendered him incompetent to enter an informed and voluntary plea"). Bartolon has failed to show that the Magistrate Judge committed error during his plea proceedings.

### III. CONCLUSION

For the reasons above, the Court denies Bartolon's appeal and affirms his conviction and judgment.

IT IS SO ORDERED.

Dated: November 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge